[Civ. No. 2446. Second Appellate District.—January 26, 1918.]

## CHARLES STANSBURY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — CASUAL EMPLOYMENT OUTSIDE OF EMPLOYER'S BUSINESS—MACHINIST EMPLOYED TO REPAIR DREDGE. Under the Workmen's Compensation Act, an injury received by a machinist employed to make repairs upon a dredge which his employer had acquired and was about to lease with an option to purchase was not an injury occurring in the usual course of business of his employer, it being shown that the employer's business was that of leasing road-making machinery and that the dredge was in no sense road-making machinery or equipment.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of compensation made by the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Hocker & Austin, and J. D. White, for Petitioner.

Christopher M. Bradley, for Respondents.

WORKS, J., *pro tem.*—The respondent Industrial Accident Commission allowed compensation to W. J. Husong for an injury received while he was in the employ of petitioner and petitioner now asks that the award be annulled. It is conceded that the employment was casual. It is also contended by petitioner that the injury did not occur in the usual course of his business. The commission found that petitioner "was in the business of leasing certain road-making machinery and outfit, and that it was necessary and in the usual course of said business to keep the said machinery and outfit in repair; that the work and employment of the applicant at the time of his injury was the repairing of such machinery, and was therefore in the usual course of the business of the employer."

The finding that the petitioner was engaged in the business of leasing road-making machinery and outfit is amply supported by the evidence, but the finding that the applicant was injured while making repairs on machinery used in that

business finds no support whatever in it. In addition to the machinery used in the business, the petitioner had in his possession a certain clam-shell dredge, which he had acquired from a contractor who had been using it in harbor work. It was in no sense road-making machinery or equipment. This dredge petitioner was about to lease to another, with an option to purchase the same, but some repairs were necessary upon it before it could go out. The applicant for compensation was employed to make these repairs and was injured while prosecuting the labor. The work being performed by the applicant was no more nearly in the course of the employer's business of leasing road-making machinery than if it had been the work of shoeing a horse or repairing a mowing-machine owned by the employer. The case is directly within the rule laid down in *Maryland Casualty Co.* v. *Pillsbury,* 172 Cal. 748, [158 Pac. 1031].

The award is annulled.

Conrey, P. J., and James, J., concurred.